UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ROSALES,<br><br>        Plaintiff,<br><br>   v.<br><br>L. RIOS, et al.,<br><br>        Defendants. | No. 2:21-cv-1758-EFB P<br><br>ORDER |

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Upon screening plaintiff's original complaint, the court determined that plaintiff could proceed on potentially cognizable excessive force claims against defendants Rios, Navarro and Saeteurn and a First Amendment retaliation claim against defendant Rios or instead file an amended complaint. ECF No. 7. Plaintiff has filed an amended complaint, which the court must screen. ECF No. 13.

      Congress mandates that district courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The court analyzed plaintiff's original complaint pursuant to § 1915A as follows:

> Plaintiff's complaint (ECF No. 1) states a potentially viable claim of excessive force against defendant correctional sergeant L. Rios, and defendant correctional officers F. Navarro and M. Saeteurn. It also states a potentially viable First Amendment retaliation claim against defendant Rios.
>
> Plaintiff also purports to bring a claim based on the allegation that the defendants issued a false rules violation report against him, resulting in a loss of credits, and thereby "increasing [the] time of [plaintiff's] incarceration." *Id.* at 5. So long as plaintiff received the process he was due during the rules violation proceedings, a false allegation, without more, is not sufficient to state a claim of constitutional injury under the Due Process Clause. *See Paul v. Davis*, 424 U.S. 693, 711-12 (1976). Even if it were, the claim would be barred by *Heck v. Humphrey*, 512 U.S. 477, (1994). *Heck* holds that if success in a section 1983 action would implicitly question the validity of confinement or its duration, the plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Muhammad v. Close*, 540 U.S. 749, 751 (2004). Plaintiff has not alleged that the determination of guilt was reversed or that the loss of credits has been restored. Thus, if plaintiff were to succeed on this claim, it would call into question the validity of his confinement and its duration. As a general rule, a challenge in federal court to the fact of conviction or the length of confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).
>
> For these reasons, plaintiff may either proceed only on the potentially cognizable excessive force claims against defendants Rios, Navarro and Saeteurn and the First Amendment retaliation claim against defendant Rios or he may amend his complaint to attempt to cure the complaint's deficiencies. Plaintiff is not obligated to amend his complaint.

ECF No. 7 at 3-4.

In the amended complaint (ECF No. 13), plaintiff again states potentially viable excessive force claims against defendants Rios, Navarro, and Saeteurn. He also states a potentially viable retaliation claim against Rios. He has not, however, cured the deficiencies in his claim about defendants' issuance of a false rules violation report against him. Instead, he requests that the report be removed from his file and that 121 days of lost credits be restored. ECF No. 13 at 8. For the reasons stated in the prior screening order, this claim is barred by *Heck.* Plaintiff also seeks to hold defendants Sanchez and Escobar liable for excessive force, on the grounds that they helped to cover up for Rios. *Id.* at 6. Plaintiff does not allege that Sanchez or Escobar personally

participated in the use of excessive force against him and otherwise fails to show how they violated his federal statutory of constitutional rights.

Once again, therefore, plaintiff may either proceed only on the potentially cognizable excessive force claims against defendants Rios, Navarro and Saeteurn and the First Amendment retaliation claim against defendant Rios or he may amend his complaint to attempt to cure the complaint's deficiencies. Plaintiff is not obligated to amend his complaint.

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint alleges, for screening purposes, potentially cognizable excessive force claims against defendants Rios, Navarro, and Saeteurn and a potentially cognizable First Amendment retaliation claim against defendant Rios.

2. All other claims are dismissed with leave to amend within 30 days from the date of service of this order. Plaintiff is not obligated to amend his complaint.

3. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claim or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time;

4. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: January 19, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIGUEL ROSALES,

    Plaintiff,

v.

L. RIOS, et al.,

    Defendants.

No.  2:21-cv-1758-EFB P

<u>NOTICE</u>

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____    proceed only with the excessive force claims against defendants Rios, Navarro, and Saeteurn and the First Amendment retaliation claim against defendant Rios;

OR

(2) _____    delay serving any defendant and file an amended complaint.

                                                                                                     Plaintiff

Dated:

4