UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ROSALES,<br><br>    Plaintiff,<br><br>    v.<br><br>L. RIOS, et al.,<br><br>    Defendants. | No. 2:21-cv-1758-EFB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Upon screening plaintiff's original and first amended complaints, the court determined that plaintiff could proceed on potentially cognizable excessive force claims against defendants Rios, Navarro and Saeteurn and a First Amendment retaliation claim against defendant Rios, or instead, file an amended complaint. ECF Nos. 7 & 15. Plaintiff has filed a second amended complaint, which the court must screen. ECF No. 18.

Congress mandates that district courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

Like the prior complaints, the second amended complaint (ECF No. 18) states a potentially viable claim of excessive force against defendant correctional sergeant L. Rios, and defendant correctional officers F. Navarro and M. Saeteurn. It also states a potentially viable First Amendment retaliation claim against defendant Rios.

The remainder of the complaint cannot survive screening. Plaintiff alleges that correctional officer Sanchez created a false alibi for Rios to cover up the use of excessive force. However, the allegations do not show that Sanchez personally participated in the use of excessive force against plaintiff. Nor do they otherwise show how Sanchez violated plaintiff's federal statutory of constitutional rights. Allegations of a "cover-up" by Sanchez could potentially give rise to a federally cognizable claim in the future, but only if Sanchez's actions caused the plaintiff to lose the instant lawsuit. *See Rose v. City of Los Angeles*, 814 F. Supp. 878, 881 (C.D. Cal. 1993). Until then, plaintiff's cover-up claim is not ripe for judicial consideration. *See id.*

Once again, therefore, plaintiff may either proceed only on the potentially cognizable excessive force claims against defendants Rios, Navarro and Saeteurn and the First Amendment retaliation claim against defendant Rios or he may amend his complaint to attempt to cure the complaint's deficiencies. Plaintiff is not obligated to amend his complaint and the court is doubtful that the defects in the claim against Sanchez can be cured by further amendment.

Accordingly, it is ORDERED that:

1. Plaintiff's second amended complaint alleges, for screening purposes, potentially cognizable excessive force claims against defendants Rios, Navarro, and Saeteurn and a potentially cognizable First Amendment retaliation claim against defendant Rios.
2. All other claims are dismissed with leave to amend within 30 days from the date of service of this order. Plaintiff is not obligated to amend his complaint.

/////
/////
/////
/////

3. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claim or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time;

4. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: March 1, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ROSALES,<br><br>    Plaintiff,<br><br>  v.<br><br>L. RIOS, et al.,<br><br>    Defendants. | No. 2:21-cv-1758-EFB P<br><br>NOTICE |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ proceed only with the excessive force claims against defendants Rios, Navarro, and Saeteurn and the First Amendment retaliation claim against defendant Rios;

OR

(2) _____ delay serving any defendant and file an amended complaint.

                                                                                                   Plaintiff

Dated:

4